**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES D. SIMONS,
    Plaintiff,

                             Civil Action No. 05-60141

vs.                             HONORABLE JOHN CORBETT O'MEARA
                             HONORABLE STEVEN D. PEPE

KEN SALISBURY, L. WALCHER,
THERESA DALTON, BRIAN WATSON,
JIM ARMSTRONG and JOHN FIGURSKI,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

James D. Simons is a prisoner in the custody of the Michigan Department of Corrections (MDOC). On June 20, 2005, he filed this action under 42 U.S.C. §1983 against several defendants in their official and individual capacities. Plaintiff alleges that the MDOC Defendants allowed the Michigan State Police Defendant, John Figurski, to confiscate and photocopy his personal and legal mail in violation of MDOC policy and his Fourth Amendment rights. Defendants Armstrong, Salisbury, Watson and Walcher filed their motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on September 19, 2005. All pretrial matters were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A),(B). For the reasons stated below, it is RECOMMENDED that Defendants' motion for dismissal (Dkt. #16) be GRANTED.

The Prison Litigation Reform Act requires prisoners desiring to bring civil rights claims to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). In cases governed by the provisions of §1997e, the prisoner bears the burden of establishing exhaustion of administrative

remedies. *Brown,* 139 F.3d at 1104. To establish exhaustion, the prisoner must allege that all available administrative remedies have been exhausted and should attach documentation to the complaint indicating the administrative disposition of any grievances that have been filed. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000); *Brown,* 139 F.3d at 1104. If documentation demonstrating exhaustion is not available, the prisoner must describe the administrative proceedings and their results with specificity. *Knuckles El,* 215 F.3d at 642. The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

Plaintiff attached Grievance No. ATF-040100073-17G to his complaint. In this grievance Plaintiff names only Captain Salisbury and "the Michigan State Police Officer" has having been involved in the allegedly improper confiscation of his mail. Plaintiff does mention that he reported the incident to "Officer Welcher" (sic) and that this officer explained that the search was done pursuant to Captain Salisbury's orders.

In order for "a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003); *see also, Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001)(Grievances filed in an attempt to exhaust administrative remedies must name the individual subjects of the grievances so prison officials can address the claims before a suit is brought in federal court.). Plaintiff fails to demonstrate that he has exhausted his administrative remedies as to the claims regarding *all* of the defendants named in his complaint prior to filing suit in federal court, because Defendants Dalton, Watson and Armstrong

are not mentioned in the grievance.[1]

In *Jones-Bey v. Johnson,* 407 F.3d 801, 805 (6th Cir. 2005) the Sixth Circuit adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e. Under this rule, a complaint which contains both exhausted and unexhausted claims must be dismissed in its entirety without prejudice for failure to exhaust administrative remedies. District courts no longer have the option of dismissing the unexhausted claims and proceeding with the claims that have been submitted through the grievance process. A prisoner whose complaint containing both exhausted and unexhausted claims has been dismissed may bring forth each exhausted claim one at a time, at potentially greater expense to himself, or wait until all claims are exhausted and then bring them together in one action. *Id.* at 808.

For these reasons it is RECOMMENDED that Defendants' motion for dismissal (Dkt. #16) be GRANTED and Plaintiff's complaint be dismissed.[2]

---

[1] The MDOC Defendants indicate that Plaintiff's grievance is only directed at Defendant Salisbury's actions and argue that Defendant Walcher was also not properly grieved. While it is true that Plaintiff failed to point out in his grievance that Defendant Walcher was involved in the search, he did mention that he had tried to resolve the issue by talking to Defendant Walcher (referred to as "Welcher" in the grievance). Further, MDOC's response at Step II shows that MDOC was on notice that Defendant Walcher was implicated in the search (Dkt. #16, Exhibit A, p. 2). Because notice to possible defendants is the main reason identification of all defendants is required, and further because MDOC has already held that Defendant Walcher's role in the search was valid, it would be futile to require Plaintiff to file a grievance against Defendant Walcher. If Defendants object and show that the Court is mistaken and Officer Welcher and Walcher are two different people, then exhaustion as to Defendant Walcher would be required.

[2] It should be noted that Plaintiff's claims appear to lack merit. He failed to allege that Defendants Dalton, Watson and Armstrong were personally involved in or responsible for the alleged violation of his constitutional rights. *See Rizzo v. Goode,* 423 U.S. 362, 373-77 (1976); *Hall v. United States,* 704 F.2d 246, 251 (6th Cir.1983). In fact, he fails to mention Defendant Watson's role at all and only alleges that Defendant Dalton tried to talk him out of filing a grievance and then reviewed his Step I grievance and Defendant Armstrong failed to adequately address his grievance at Step III. A review of the Step II grievance response shows that

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not

---

Defendant Watson was the reviewer at this stage. Plaintiff may not base his claim against a defendant upon his or her denial of his administrative grievances or failure to act based upon information contained in a grievance. *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999). Therefore, it appears that the claims against Defendants Dalton, Watson and Armstrong could be dismissed for failure to state a claim pursuant to 42 U.S.C §1997e(c)(1).

    Plaintiff's claims that the "confiscation" of his mail was a violation of his Fourth Amendment rights is also unlikely to succeed. Defendant Figurski, the Michigan State Trooper involved in the search of Plaintiff's cell, explains in his Answer that he searched Plaintiff's cell and then photocopied four pieces of Plaintiff's mail found in the cell, "none of which were legal correspondence", while conducting an investigation into the death of Plaintiff's daughter, who was killed by a Michigan State Trooper (Dkt. #15, p. 1). The Supreme Court has held that a prisoner is not entitled to the protection of the Fourth Amendment against unreasonable searches and seizures:

> Notwithstanding our caution in approaching claims that the Fourth Amendment is inapplicable in a given context, we hold that society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions.

*Hudson v. Palmer*, 468 U.S. 517, 525-526 (U.S.1984).

    There is also no state created interest in freedom from cell-searches, as MDOC Policy Directive 04.04.110.Q indicates that a prisoner's possessions, living and work area may be searched at any time with or without suspicion of contraband.

    In fact, even if Plaintiff's property had been seized and not returned this would not violate his due process rights if the state provided a meaningful postdeprivation remedy. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)(even an intentional destruction of property by a state employee is not unconstitutional with an adequate postdeprivation remedy); cited in *Hudson*, 468 U.S. at 531.

preserve all the objections a party might have to this report and recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections. A party may file a reply brief within 5 days of service of a response. The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.

Dated: April 17, 2006                                         s/Steven D. Pepe
Ann Arbor, Michigan                                           United States Magistrate Judge


Certificate of Service

I hereby certify that a copy of this Report and Recommendation was served upon the attorneys and/or parties of record by electronic means or U. S. Mail on April 17, 2006.

                                                              s/William J. Barkholz
                                                              Courtroom Deputy Clerk